**In re THOMAS V.**

**No. 87–522 Appeal.**

Supreme Court of Rhode Island.

April 28, 1988.

Kevin J. Aucoin, for Dept. of Children & their Families.

Francis B. Brown, Providence, for CASA Unit.

Denise M. Auger, Cumberland, for defendant.

## OPINION

**PER CURIAM.**

This is a father's appeal from a Family Court order suspending the father's visitation rights as a result of his alleged sexual abuse of his two-year-old son. On April 11, 1988, the father's counsel appeared before this court to show cause why his appeal should not be dismissed.

At the suspension hearing an investigator from the Department of Children and Their Families, who was present when the then-two-year-old was examined by a physician at the Kent County Hospital, testified concerning what the infant told the examining physician. The witness testified that the infant had told the examiner that "Daddy bite my pee-pee, and I bite Daddy's pee-pee." This evidence was introduced pursuant to the provisions of G.L. 1956 (1981 Reenactment) § 14–1–69, as enacted by P.L. 1985, ch. 381, § 1, which permits the use of hearsay evidence in any custody and/or termination trial when the statement is made by a child under the age of thirteen relative to an act of abuse, neglect, or misconduct by a parent, provided such statement was made spontaneously within a reasonable time after the act is alleged to have occurred and the statement was made to someone the child would normally turn to for sympathy, protection, or advice.

In enacting this legislation, the General Assembly has seen fit to place no limitation regarding who may testify in regard to what the child said. At the time of the examination, the physician was wearing his surgical-scrub uniform and had introduced himself as the doctor. We believe that a physician is someone an infant would turn to for sympathy or advice. Even though the father questions his son's competency as a witness, the statute does not require that the child be found competent before his statement can be admitted into evidence. *See State v. Nordstrom,* 104 R.I. 471, 475, 244 A.2d 837, 839–40 (1968).

Since the father has failed to show cause, his appeal is denied and dismissed, and the case is remanded to the Family Court.